[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 10, 2006
THOMAS K. KAHN
CLERK

No. 06-12343
Non-Argument Calendar

_____

D. C. Docket No. 05-00105-CR-ORL-22-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL LEONARD PAYNE,
a.k.a. Michael Leonard Payne, Jr.,
a.k.a. Michael A. Payne,
a.k.a. Michael L. Payne,
a.k.a. Michael Lenard Payne,
a.k.a. Michale L. Payne, Jr.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 10, 2006)

Before CARNES, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Michael Leonard Payne appeals his 180-month sentence imposed after he pled guilty to (1) possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and (2) possession with intent to distribute and distribution of five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). On appeal, Payne argues that the district court erred by not sentencing him below the mandatory minimum sentence of 15 years' imprisonment on his conviction for possession of ammunition.[1] We disagree. The district court correctly determined that it did not have discretion to sentence Payne below the mandatory minimum sentence of 15 years' imprisonment. See United States v. Brehm, 442 F.3d 1291, 1300 (11th Cir. 2006), petition for cert. filed, (U.S. Sept. 12, 2006) (No. 06-6496); see also United States v. Shelton, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005) ("We emphasize that the district court was, and still is, bound by the statutory minimums."). Accordingly, we affirm.

**AFFIRMED.**

---

[1]It is undisputed that Payne was subject to a mandatory minimum sentence of 15 years' imprisonment, pursuant to 18 U.S.C. § 924(e)(1), because he had at least three previous convictions for a violent felony or a serious drug offense.